Krull v. Colvin

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
    DEBRA A. LIVINGSTON,
        <u>Circuit Judges</u>,

    JED S. RAKOFF,*
        <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - -X
Jo Ann Krull,
    <u>Plaintiff-Appellant</u>,

    -v.-                                    15-4016

Carolyn W. Colvin, Acting Commissioner
of Social Security,
    <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - -X

---

    *    The Honorable Jed S. Rakoff, Judge for the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**   JAYA SHURTLIFF, Stanley Law Offices, Syracuse, NY.

**FOR APPELLEE:**   LAUREN E. MYERS, Special Assistant United States Attorney, with Stephen P. Conte, Regional Chief Counsel - Region II Office of the General Counsel, Social Security Administration, for Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jo Ann Krull alleges that she became disabled in 2010 and appeals from the denial of her claim for Disability Insurance Benefits by the Social Security Administration. She appeared at a video hearing with an Administrative Law Judge ("ALJ") with the assistance of a non-attorney representative. The ALJ considered her case de novo and issued a written decision finding that Krull was not disabled. The Appeals Council denied review and the district court (Hurd, J.) affirmed the decision of the ALJ. On appeal, Krull principally argues (as she did before the district court) that the ALJ's finding of her residual functional capacity, and the ALJ's finding that she was capable of performing her past work, were not supported by substantial evidence; and that the ALJ did not properly evaluate her credibility.

We review the administrative record de novo, and will uphold the ALJ's decision if it is supported by substantial evidence and the correct legal standards were applied. See Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010); Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) ("Substantial evidence . . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). We assume the parties' familiarity with the

2

underlying facts, the procedural history, and the issues presented for review.

1. The ALJ followed the five-step analysis promulgated by the Social Security Administration at 20 C.F.R. § 404.1520(a). Most of that analysis is unchallenged; Krull's challenge is to the ALJ's finding that Krull had the residual functional capacity to perform a range of light work, as defined by 20 C.F.R. § 404.1567(b), and that she could perform her past relevant work as a data entry pharmaceutical orders clerk.

Krull argues that the ALJ "cherry-picked" evidence regarding her mental health and substituted his lay judgment for the competent medical opinions of two examining doctors who opined that she had moderate difficulty performing complex tasks and maintaining social functioning. We conclude that the ALJ's decision gave appropriate (partial) evidentiary weight to those doctors' opinions, and is largely consistent with them; the ALJ declined to adopt the moderate limitations those doctors identified because their opinions are contradicted by evidence in the record. Specifically, the ALJ observed that Krull was able to work notwithstanding mental health symptoms: she took prescription antidepressants, sought no other treatment, and continued--according to her own testimony--to engage in moderately complex tasks such as helping with the care of her grandchildren, using computers, and other daily activities.

The opinions of examining physicians are not controlling if they are contradicted by substantial evidence, be that conflicting medical evidence or other evidence in the record. See Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002). Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it. The ALJ's finding of residual functional capacity applies the correct legal standard and is supported by substantial evidence.

2. The same is true of the ALJ's finding that Krull was capable of performing past relevant work. For a job to qualify as past relevant work, the claimant must have performed it long enough to have learned to do it. 20 C.F.R. § 404.1560(b)(1). Krull worked as a data entry pharmaceutical orders clerk for

three months.  The ALJ identified that position as having a specific vocational profile of four according to the Dictionary of Occupational Profiles, which classifies it as semi-skilled and requiring the typical worker three to six months to learn. Krull therefore argues that she did not spend enough time in the job for it to qualify as past relevant work, and that moderate limitations relating to mental health might pose obstacles to performing the job.  The typical three-to-six-month learning period, however, does not constitute a six-month minimum, and the ALJ did not err by concluding that she did the work long enough to have learned how to perform it.  Further, Krull apparently left the job voluntarily--not for reasons related to her mental health--and worked in another semi-skilled position in the same industry (as a pharmacy technician) both before she started that job and after she left it.  Therefore, and given the ALJ's residual functional capacity finding, the ALJ's determination as to past relevant work is supported by substantial evidence.

**3.**    Krull also argues that the ALJ erred in the credibility assessment. We disagree.  When determining residual functional capacity, the ALJ must take the claimant's subjective report of limitations into account, but "he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010).  The ALJ largely credited Krull's account of her symptoms, but found her testimony only partially credible with respect to the intensity of some of her symptoms and the resulting limitations.  We agree with the district court that the ALJ engaged in a thorough narrative discussion of the record evidence in order to arrive at that conclusion, and that the credibility determination was within the bounds of discretion.

Accordingly, and finding no merit in plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK

4