*Richards v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

JASON S. RICHARDS,

> *Plaintiff-Appellant*,

v.                                                          23-486

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          JOHN W. DEHAAN, The DeHaan Law Firm, Hauppauge, NY.

For Defendant-Appellee:          FERGUS KAISER, Assistant Regional Counsel, Social Security Administration, Baltimore, MD (Ellen E. Sovern, Associate General Counsel, Social Security Administration, Baltimore, MD, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case **REMANDED** to the district court with instructions to remand to the Commissioner of Social Security for reconsideration in light of this order.

Plaintiff-Appellant Jason S. Richards appeals from the February 7, 2023 judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*) affirming an Administrative Law Judge's ("ALJ") determination that Richards is not disabled. Applying the five-step sequential evaluation process for determining disability, the ALJ found that Richards suffers from affective disorder, anxiety disorder, and post-traumatic stress disorder and that these severe impairments preclude Richards from performing his past work as a swimming pool servicer. After determining that Richards has "moderate limitations in mental functioning," AR-16, the ALJ concluded that Richards's residual functional capacity ("RFC")—performing a full range of work "limited to simple, routine repetitive tasks," with "occasional interaction with supervisors and co-workers," and "no interaction with the public," AR-14—allows him to work as a salvage worker, hand packager, or packaging machine operator. Because Richards could "mak[e] a successful adjustment to other work that exists in significant numbers in the national economy," AR-19, the ALJ determined that Richards is not disabled within the meaning of the Social Security Act. The Appeals Council denied Richards's request for review, rendering the ALJ's decision final. On appeal, Richards principally argues that the ALJ failed to properly weigh the medical evidence in the record under the treating physician rule. For the following reasons, we agree. We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Where, as here, the district court affirms the Commissioner's final decision, "we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks and citations omitted). Our review "focus[es] on the administrative ruling rather than the district court's opinion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation omitted). To satisfy the substantial evidence standard, there must be "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion," *id.* (citations omitted), and the reasons for the ALJ's decision must "be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence," *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (citation omitted). This is "a very deferential standard of review," allowing us to reject an ALJ's findings of fact "only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 447–48 (2d Cir. 2012) (citations omitted); *see also Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) ("It is not the function of a reviewing court to determine *de novo* whether a claimant is disabled. The Secretary's findings of fact, if supported by substantial evidence, are binding."). While "the deferential standard of review prevents us from reweighing" the evidence on appeal, *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) (summary order), the ALJ's "[f]ailure to apply the correct legal standard constitutes reversible error," *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

On appeal, Richards argues that the ALJ failed to afford adequate weight to the medical opinion of his treating physician, Dr. Ricardo Arango, either misapplying or completely ignoring

3

the treating physician rule. The treating physician rule is applicable to claims, such as this one, that were filed before March 27, 2017. 20 C.F.R. § 416.927. Under this rule, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal alteration and citations omitted); *see also* 20 C.F.R. § 404.1527(c)(2).

To determine "the appropriate weight to assign a treating physician's opinion," the ALJ must follow a two-step analysis. *Estrella*, 925 F.3d at 95–96. "First, the ALJ must decide whether the opinion is entitled to controlling weight." *Id.* at 95. "Second, if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." *Id.* In making this assessment, the ALJ is required to "explicitly consider" the factors articulated in *Burgess*: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella*, 925 F.3d at 95–96 (internal alteration and citations omitted). The ALJ's failure to "*explicitly* apply the[se] factors . . . is procedural error," *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022), and "is a [potential] ground for remand," *Burgess*, 537 F.3d at 129–30 (citations omitted). We will conclude that such an error is harmless and affirm, however, if "the ALJ has otherwise provided 'good reasons' for its weight assignment," *Schillo*, 31 F.4th at 75, and "a searching review of the record" convinces us "that the substance of the treating physician rule was not traversed," *Estrella*, 925 F.3d at 96 (citation omitted).

4

At issue on appeal is whether the ALJ "applied the substance of the treating physician rule," *Schillo*, 31 F.4th at 78–79, to Dr. Arango's opinion. Dr. Arango opined that Richards's impairments markedly limit his ability to work. The ALJ gave "little weight" to this opinion, concluding that it was "inconsistent with objective mental status examination findings, as well as the lack of inpatient treatment during the relevant period." AR-16. Richards challenges this conclusion on appeal, on the basis that Dr. Arango's opinion was entitled to controlling weight, or in the alternative, that the ALJ failed to adequately explain his reasons for discounting the opinion. We only consider Richards's latter argument at this juncture, as our review of the record convinces us that the ALJ neither "explicitly consider[ed] the . . . *Burgess* factors," *Estrella*, 925 F.3d at 95 (internal quotation marks and citations omitted), nor "applied the substance of the treating physician rule," *Schillo*, 31 F.4th at 78–79.

The ALJ provided two reasons for affording "little weight" to Dr. Arango's opinion: (1) its supposed inconsistency with objective mental status examination findings; and (2) Richards's "lack of inpatient treatment during the relevant period." AR-16. Thus, at most, the record indicates that the ALJ considered "the consistency of [Dr. Arango's] opinion with the remaining medical evidence." *Estrella*, 925 F.3d at 95–96 (citations omitted). But even that analysis was deficient. While the ALJ purported to assess the consistency between Dr. Arango's opinion and the mental status examination findings, the ALJ failed to "cite[] [any] treatment record[] that undermined" Dr. Arango's opinion. *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 49 (2d Cir. 2021) (summary order). More broadly, the ALJ did not explain why these purported inconsistencies—between Dr. Arango's opinion, on the one hand, and the mental status examination findings and the lack of inpatient treatment, on the other—warranted discounting the opinion. Further, there is no indication in the record that the ALJ considered the remaining

*Burgess* factors, including "the frequency, length, nature, and extent of treatment," "the amount of medical evidence supporting the opinion," and apart from a cursory reference to his psychiatry degree, "whether [Dr. Arango] is a specialist." *Estrella*, 925 F.3d at 95–96 (internal alteration and citations omitted).

We cannot conclude, based on the record before us, that the ALJ "applied the substance of the treating physician rule." *Schillo*, 31 F.4th at 78–79. In prior cases, we have affirmed an ALJ's denial of benefits based on a merely "functional application of the *Burgess* factors." *Curry*, 855 F. App'x at 49; *see also Holler v. Saul*, 852 F. App'x 584, 586 (2d Cir. 2021) (summary order) (affirming the Commissioner's decision denying benefits despite "the ALJ's failure to explicitly discuss each of the four [*Burgess*] factors"); *Halloran v. Barnhart*, 362 F.3d 28, 31–32 (2d Cir. 2004) (affirming the Commissioner's decision, even though it was "unclear on the face of the ALJ's opinion whether the ALJ considered (or even was aware of) the applicability of the treating physician rule"). But, unlike those cases, the ALJ here neither "provided a detailed explanation for h[is] decision to give less than controlling weight to [Dr. Arango]'s opinion[]," nor made his reasoning "easily understand[able] from a review of the [record]." *Holler*, 852 F. App'x at 586. Rather, in giving only a cursory explanation for his decision to deny Richards's application for benefits, the ALJ failed to consider the "frequency, length, nature, and extent of [Dr. Arango's] treatment"—factors that are of "heightened importance in the context of [Richards's] claimed impairment[s]," which include depression and anxiety. *Estrella*, 925 F.3d at 97 (internal alteration, quotation marks, and citation omitted). Therefore, we are compelled to conclude that "the ALJ failed to comply with the procedural mandates of the . . . treating physician rule." *Id.* at 95.

6

Without expressing a view as to the appropriate weight Dr. Arango's opinion ultimately deserves, we emphasize that the ALJ should follow on remand the two-step process for evaluating a treating physician's opinion.    First, the ALJ should determine whether Dr. Arango's opinion is entitled to controlling weight, providing an explanation grounded in the record if he concludes that it is not.    Second, in determining the appropriate weight to assign to Dr. Arango's opinion, the ALJ should apply the four *Burgess* factors and set forth his reasons for assigning the chosen weight to the opinion.

*    *    *

Accordingly, we **VACATE** the judgment below and **REMAND** to the district court with instructions to remand the matter to the Commissioner for reconsideration in light of this order.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk